**Tony Wayne RODDEN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15592.**

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Tony Wayne Rodden, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County with the crime of Murder. After having been bound over by the examining magistrate who conducted a preliminary examination, defendant first entered a plea of not guilty and thereafter appeared with his retained counsel, Mr. Pat Murphy, withdrew his plea of not guilty and entered a plea of guilty. The court thereafter pronounced judgment and sentence fixing his punishment at life imprisonment in the state penitentiary. A post conviction appeal was granted by this Court and on appeal the defendant contends that he entered a plea of guilty fearing that if he proceeded to trial he would be convicted on the basis of his confession allegedly secured from him in violation of his constitutional rights.

From an examination of the trial court records, we are of the opinion that the defendant entered a plea of guilty with full knowledge of the nature and consequence of such plea, while represented by counsel of his own choice, who was an

experienced and capable attorney and who had represented him at the preliminary examination. Defendant's retained counsel, who advised and consulted with him, undoubtedly was of the opinion after preliminary examination that independent of any alleged confession the State could establish the defendant's guilt beyond a reasonable doubt.

Although counsel for defendant on appeal has requested an evidentiary hearing to determine if a confession had been obtained from the defendant by police officers in violation of his constitutional rights, we deem it unnecessary to direct that such a hearing be conducted. We will not presume that had the defendant proceeded to trial the trial judge would have admitted incompetent evidence.

We have repeatedly held that where a defendant freely and voluntarily enters a plea of guilty with full knowledge of the nature and consequence of such plea, while being represented by counsel of his own choice, the judgment and sentence appealed from will be affirmed.

We are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.